**IOWA CITY–MONTEZUMA RAILROAD SHIPPERS ASSOCIATION, a voluntary association, Planitiff,**

v.

**The UNITED STATES of America et al., Defendants.**

Civ. No. 72–150–2.

United States District Court,
S. D. Iowa, C. D.

Dec. 21, 1972.

Norton M. Hatlie, Navarre, Minn., for plaintiff.

Bruce B. Wilson, Acting Asst. Atty. Gen., John H. D. Wigger, Atty., Dept. of Justice, Washington, D. C., and Allen L. Donielson, U. S. Atty., Des Moines, Iowa, for the United States.

Arthur B. Cerra, Acting Gen. Counsel, and Hanford O'Hara, Atty., I.C.C., Washington, D. C., for I.C.C.

B. A. Webster, Des Moines, Iowa, and Don McDevitt and Thomas I. Megan, Chicago, Ill., for Chicago, Rock Island and Pacific Railroad Co.

Before STEPHENSON, Circuit Judge, and McMANUS and HANSON, District Judges.

## MEMORANDUM AND ORDER

PER CURIAM.

In this instance, a court constituted pursuant to and in accordance with the provisions of Sections 2284 and 2325 of Title 28 U.S.C.A., is being asked by Iowa City-Montezuma Railroad Shippers Association, plaintiff herein and a protestant in ICC Docket No. 26445, after hearing, to set aside the final orders of the Commission. The orders permitted the abandonment of a branch rail line between the towns of Hills and Montezuma, Iowa, by the defendant Chicago, Rock Island and Pacific Railroad Company. The Commission determined that the burden on interstate commerce was such as to require abandonment of the line.

The plaintiff in this case has chosen to proceed in its presentation a course of submission which places heavy restrictions on the scope of judicial review. Although the Court made inquiry as to whether or not the plaintiff intended to offer as evidence a certified copy of the record of the Commission, the plaintiff declined to provide the Court with the administrative proceedings. The plaintiff states that it relies wholly on the exhibits attached to its complaint. The exhibits consist of copies of orders issued by the Commission in its Docket F.D. 26445 and served on May 1, June 7, July 19 and November 16, 1972. The decision dates of these orders are April 3, May 30, June 27 and November 13, 1972. Also attached to the complaint is the 32-page report of the Hearing Examiner.

In substance there are but two issues presented. Are the ICC orders under attack supported by the evidence; and is the abandonment authority granted by the Commission consistent with the National Environmental Policy Act?

The federal statutory provisions of the Interstate Commerce Act, 49 U.S.C. Sections 1(18), 1(19), and 1(20) and Section 102(2)(C) of the National Environmental Policy Act, 42 U.S.C., 4332(2)(C) are herein involved.

■■ The guidelines of judicial review are well established by the teachings of many cases. Courts have been cautioned and at length that if the order

lies within the scope of the Commission's statutory authority and is based upon adequate findings supported by evidence, the Court should not interfere. This may be true even if the reviewing court could not agree with the conclusions. The cases supporting this view are so plentiful and consistent as to obviate their citation. From the plaintiff's exhibits and from the matters brought to the attention of the Court, we can reach no other conclusion than that the Commission's orders must be affirmed. This is especially so in the absence of a certified record to review. Actually there seems to be only one real complaint about the findings of the Commission. The charge is made that Rock Island overstated system-wide losses in 1969 by more than one million dollars. An examination of this argument shows it has little, if any, significance. The error here was acknowledged to be a clerical error and was corrected and, insofar as the Court knows without a certified record, did not nor could not have had any impact in the final conclusions of the Commission. Even though offered the opportunity, the plaintiff has never explained how the error complained of would affect the ultimate conclusions of the Commission.

It would appear the plaintiff makes some objection to the administrative procedure employed by the Commission. No meaningful claimed procedural error has been pointed out to the Court. The arguments relating to the Commission's procedural rulings are without substance.

■ The last complaint of the plaintiff focuses attention on the matter of compliance with certain provisions of the National Environmental Policy Act, 42 U.S.C. Section 4332(2)(c). On the effective date of abandonment, June 27, 1972, the plaintiff filed a petition with the Commission seeking reopening and reconsideration and/or rehearing on the premise that the Commission failed to fulfill its obligation under Section 102(2)(C) of the NEPA, 42 U.S.C., Section 4332(2)(C), before abandonment. It would appear that plaintiff's petition was predicated on two grounds: Firstly, increased air pollution due to greater use of trucks; and secondly, increased use of land for highways. This appears to be the last action taken by plaintiff.

On July 19th, 1972, the Commission issued its order setting the environmental matter for consideration along with a "Draft Environmental Impact Statement". The Commission prescribed a schedule for pleadings.

It appears without controversy that the "Draft Environmental Impact Statement" was served on all parties to the Commission proceedings and a number of federal agencies especially concerned with the environment. There is no evidence that any party ever appeared, filed pleadings or made comment on the statement.

On November 16, 1972, the Commission issued a final order adopting the environmental findings initially made in the order of July 19, 1972.[1] It should be noted the Commission here has permitted the Rock Island Railroad to abandon its branch line from milepost 7.73 at or near Hills, Iowa to its terminus at milepost 71.14 at or near Montezuma, Iowa, a distance of 63.41 miles.

The scope of judicial review and the standard of detail required in the EIS have been articulated in a number of cases. Environmental Defense Fund, Inc. v. Corps of Engineers of the United States Army, 470 F.2d 289 (8th Cir. 1972); Environmental Defense Fund, Inc., et al. v. Robert F. Froehlke, Secretary of the Army, et al., 473 F.2d 346 (8th Cir. 1972); City of New York v. United States, 344 F.Supp. 929, 938 (E.D.N.Y.1968); Calvert Cliffs' Coordinating Comm. v. Atomic Energy Comm'n, 146 U.S.App.D.C. 33, 449 F.2d 1109, 1113, 1115 (1971).

The Commission in determining that the abandonment would cause no significant environmental effect has fairly

1. Exhibit VI to Amendment to Complaint

weighed the relevant considerations. We determine that the agency has reached its decision after a full, good faith consideration of environmental factors made under standards set forth in Sections 101 and 102 of NEPA.

We conclude that the temporary restraining order should be dissolved, that all injunctive relief should be denied and the complaint dismissed.